## Frederick C. Ferton and another v. John Feller.

*Supervisors: Tax roll: Authority to make new roll: Altering collection roll.* It is not within the scope of resolutions of a board of supervisors authorizing a supervisor to make a new roll in pursuance of the statute (*Comp. L. 1871,* § *1004*), to sanction an alteration simply of an existing collection roll which had previously, in due course of law, been delivered to the treasurer for collection, by drawing a pen across the figures therein and inserting other figures in lieu thereof.

*Tax roll: Seizure of chattels: Illegal tax: Justification.*   A seizure of chattels to satisfy the amount set opposite a tax payer's name on the collection roll, which had been thus without authority of law changed after the roll with the warrant attached had been in due course passed over to the treasurer for collection, is held not justifiable; and it is immaterial that by the change the amount was made less instead of greater.

*Supervisor: Collection roll: Making alterations: Delivery to treasurer.*   The power of the supervisor over the collection roll terminates when in regular course it has passed into the hands of the treasurer for collection; and any act of his thereafter in altering the roll is not an official one, but private and personal.

FERTON *v.* FELLER.

*Taxes: Assessment roll: Collection roll: Variance.* It is essential that the collection roll and the original on file in the supervisor's office should correspond; and no lawful change can be made in the former unless sanctioned by the state of the latter, or so as to cause a substantial variance between the two.

*Taxes: Formal defects: Illegal seizures.* The errors committed here are not cured by the statute (*Comp. L. 1871, § 1129*) providing that taxes shall not be held invalid for formal defects not affecting the merits; the seizure in question being not for a tax, but upon items inserted in the roll unofficially and without authority of law.

*Judgment: Form: Statute of amendments.* An objection to a judgment entered on special findings of fact, that it is not in form one in trespass, in accordance with the action brought, but is one appropriate to assumpsit, is of no force, since the imperfection would be cured by the statute of jeofails, and, moreover, a proper judgment could be entered in the supreme court on the findings.

*Heard October 27. Decided January 11.*

Error to Macomb Circuit.

*Hubbard & Crocker,* for plaintiffs in error.

*A. L. Canfield,* for defendant in error.

GRAVES, J :

Ferton was supervisor and Beaufait treasurer of Harrison township in Macomb county in 1871, and Feller was a resident tax-payer there on lands and personalty. Ferton made out the tax list in the spring under *sections 987 to 992, Comp. L.*, and in the fall it was passed upon and certified by the board of supervisors (§§ *992, 993, 994, 995, Comp. L.*), and became a record in his office. The board also ascertained and certified to Ferton the various sums to be spread upon the roll and collected in his township.—§§ *997, 998, Comp. L.*

He then proceeded to extend these sums against the taxpayers according to the valuation on the completed and authenticated original roll in his office.—§ *999 Comp. L.* And after the county treasurer had receipted Beaufait's bond as township treasurer (§§ *1000, 1001, 1002*), and on or before the first Monday of December, he delivered to Beaufait a copy of the roll for collection. In this collection copy taxes were set down against Feller as follows:

FERTON v. FELLER.

|  | State Tax. | County Tax. | Town. | School. | Total. |
|---|---|---|---|---|---|
| Real estate_____ | '$10 08 | $12 60 | $10 08 | $5 04 | $37 80 |
| Personal estate___ | 68 | 85 | 68 | 34 | 2 55 |

Beaufait proceeded to collect and did collect a considerable portion of the taxes, but Feller and some other taxpayers objecting that this collection roll was unlawful on account of defects and errors made by Ferton in extending taxes and in framing the warrant annexed, the board of supervisors, at a session in January, 1875, passed resolutions purporting to authorize Ferton to make a new roll in pursuance of § *1004, Comp. L.*, and also ordering an extension of time for collecting until March 1st, 1875.

Shortly after this action of the board Ferton went to Beaufait, who was lawful custodian of the roll, and appended a copy of the resolutions to it and drew his pen across the figures denoting the amounts of Feller's taxes and set down in lieu of them other figures varying the amount of each item except that under the head of school taxes and reducing the gross amount a little less than a dollar. He made a similar alteration in the cases of three other tax-payers. The existing collection roll was no otherwise changed, and no other roll was made.

Under this roll so altered Beaufait demanded payment of Feller of these items so inserted, as taxes he was bound to pay. Payment was refused, and Beaufait seized and sold Feller's wagon. Feller then sued in trespass before a justice, and recovered. The case was appealed, and on trial without a jury Ferton and Beaufait sought to justify under the collection roll and the proceedings had upon it, but the court, on a special finding, gave Feller judgment for forty-two dollars and forty-two cents and costs.

The case raises the general question whether the findings established a justification. Because if they did not, a recovery was warranted, and we are of opinion they did not.

*First.* Without attempting to specify the conditions which

are necessary to authorize the ordering and making of a new roll, or the precise limits set by law in regard to its ingredients, it is sufficient here to say that the act of Ferton was in no just sense the construction of a new roll, and consequently what he in fact did was not warranted or supported by the terms of the authority the board assumed to confer upon him.

In the nature of things there must be a radical distinction between the construction of a new roll and an act which contemplates the continuance of an old one with unchanged identity, and merely alters it in some specific particular. And it would seem like confounding perfectly separate and distinct matters to say that a roll already lawfully in use by the treasurer for collection is made a new one in the sense of the statute by a change of some of the items in it as to three or four tax-payers. Here there was no physical change of one document for another, and no such alteration in the reading as to destroy identity and give to the roll the character of a new one.

*Second*. The seizure here was not made on the strength of the roll as it stood when drawn up under the statute and delivered to the treasurer, and not for the same gross sum, and not for the same items of amount for state, county and township taxes respectively; and not under a warrant made, attached and directed for the collection of the same items or the same gross amount. The amounts to be collected of Feller when the roll was completed by Ferton, and when the latter attached his warrant and passed the finished document from his statutory power into that of Beaufait for the purpose of collection, were stricken out by Ferton, and the seizure of Feller's property was for items Ferton inserted when he thus struck out the original ones. Had it been made on account of the original items, in disregard of Ferton's alteration, the case would have been open to very different considerations. That Ferton had no power, as a consequence of the bare fact that he was supervisor, thus to strike out and insert, and change the gross sum and the

respective sums of state, county and township taxes, would seem to be a plain proposition; and we have seen that he got no power to do it from the board of supervisors. No other ground of power can be imagined. In the progress of the statutory events under the tax-law his power had ceased.

It terminated when, in regular course, the collection roll went finally and fully, and in proper time, into the power of the treasurer for collection. His act in altering the roll was not an official one. It was private and personal. It is true the gross amount of the items after the alteration, and for which the seizure was made, was less than the sum officially written down, and to which the warrant applied.

But this cannot aid. What was thus inserted and sought to be collected by the levy was not a tax. It was an unauthorized entry to which the warrant in legal contemplation could not apply. Public policy is opposed to all unwarranted tampering with such matters, however well intended in the particular instance, and the courts ought not to strive for reasons to screen or excuse it. Doubtless cases may occur where corrections of plain clerical inaccuracies may be considered as not objectionable, or seriously so. But the present is not of that kind, and I do not see how we can yield sanction to what was done here without making a precedent of most dangerous tendency. There is no reason to suppose that any thing improper was designed. On the contrary, the facts indicate that the difficulties about the roll were caused by want of knowledge for the proper performance of duties.

*Third.* The roll first made by the supervisor is carried before the board, and after final correction there, and after its authentication by the chairman, it is delivered to the supervisor, who is required *to file it and keep it in his office.* —§ *995, C. L.* No other roll is brought to the attention of the board, and this alone receives the sanction of the board. With this before him, and the requisite certificates and statements in regard to the taxes to be levied and their

destination, the supervisor is required to proceed and assess, "according and in proportion to the individual and particular estimate and valuation specified in the assessment roll." —§ *999, C. L.* He is next to make the collection roll, and this is required to be a copy of the corrected roll in his office.—§ *1002, C. L.* As this correspondence is indispensable in the first instance, its continuance is equally indispensable. The symmetry of the proceedings, the consistency of the records and the dependence of the collection roll upon the first roll and their legal connection, all alike require it. As the first roll is to remain in the supervisor's office as a public record or memorial, so the collection roll is to go ultimately to the county treasurer's office to be kept for the same purpose.—§ *1023, C. L.* The entire theory of the system, and all the regulations, contemplate that these documents shall be and continue substantially alike, and in all essential particulars speak the same language when referred to. No lawful change can be made in the collection roll, unless warranted by the state of the roll having the sanction of the board of supervisors; and consequently the collection roll cannot legally be changed so as to be in substantial disagreement with the other. Passing other objections, then, to the validity of the alteration of the collection roll, it was essential that the state of the first roll was such, either on account of its original frame or subsequent amendment, as to warrant the alterations made and leave the two rolls alike.

Now there is no finding whatever to show that the two rolls agreed after the alterations in the collection roll, nor any finding in regard to the shape of the first roll at any time, or in regard to any amendment of it.

It is claimed that whatever errors were committed were cured by § *1129, C. L.* I cannot think so. Feller's property was not seized for a tax, but upon items inserted in the collection roll unofficially and without authority of law. If some private person, supposing himself authorized, and acting in good faith, had stricken out the tax and

# JANUARY TERM, 1876. 205

inserted items raising the gross amount to fifty dollars, the sum. so inserted would have been no further from a legal tax than that on which Feller's property was seized and sold, and yet no one will claim that a sum so written in the collection roll by a private person could in any legal sense be considered as a tax.

It is said in the brief for plaintiffs in error that the judgment is void, it not being one in trespass. It is true, the judgment is one appropriate to assumpsit, and not trespass. But it is equally true that no error is assigned upon it, and if there had been, it would have been of no importance, because, *first*, the imperfection would be cured by the provisions of *Ch. 190, C. L.*, and if otherwise, then, *second*, a proper judgment could be entered here on the findings. Several questions not noticed, and of more or less importance, were mooted on the hearing, but the objections to the justification which have been considered, are, as it seems to me, fatal, and hence I perceive no necessity for extending the discussion.

I think the judgment should be affirmed, with costs.

The other Justices concurred.