ISAAC M. WESTON v. STEPHEN L. MONROE ET AL.

*Taxes—Records of board of supervisors—Omission of signature of chairman—Alteration of roll.*

1. The failure of the chairman of the board of supervisors to sign the record of the proceedings of the board in equalizing the assessments and apportioning the State tax is fatal to the validity of a tax deed based thereon.

2. How. Stat. § 501, requiring that every order, resolution, and determination of a board of supervisors shall be recorded in the records of such board, and signed by the chairman and clerk of the board, includes all the proceedings required by law to be entered upon the records of the board. *Pearsall v. Board of Supervisors*, 71 Mich. 438.

3. Public policy will not permit any tampering with an assessment roll after it is equalized and completed and certified as required by law.

   So *held*, where after the equalization of his assessment roll, and at the time of extending the taxes thereon, the supervisor added a number of descriptions of land to the roll, and increased the valuation of one description from $80 to $800, the addition amounting to about $3,500, which action is held fatal to the validity of the tax roll.

Error to Kent. (Grove, J.) Argued December 4, 1890. Decided December 24, 1890.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William D. Fuller* (*Willard Kingsley* and *John E. More,* of counsel), for appellant.

*FitzGerald & Barry* (*M. Brown* and *Francis A. Stace,* of counsel), for defendants, contended for the doctrine stated in the opinion, citing the authorities therein cited.

GRANT, J. This is an action of ejectment. Judgment

was rendered in the court below for defendants, and plaintiff appeals.

Plaintiff claimed title under a tax deed based upon the sale of the land for the State tax of 1873, all other taxes having been paid. Defendant Monroe held the original government title to the land, and the other defendants were in possession under him. Plaintiff's title rests upon the validity of his tax deed. Various objections are raised to its validity, two of which are fatal, rendering a discussion and determination of the other objections unnecessary.

1. The proceedings of the board of supervisors in apportioning the State tax, and equalizing the assessments, was not signed by the chairman of the board. How. Stat. § 501, is as follows:

"Every order, resolution, and determination of such board of supervisors, made in pursuance of this act, shall be recorded in the records of such board, and signed by the chairman and clerk of such board."

We think the above section includes all the proceedings required by law to be entered upon the records of the board. This being so, the case at bar is ruled by *Pearsall v. Board of Supervisors*, 71 Mich. 438. See, also, *Sibley v. Smith*, 2 Mich. 486. The above section was enacted in 1851. The case of *Lacey v. Davis*, 4 Mich. 140, involved proceedings had in 1842 and 1844, when no such statute was in force, and the decision was based upon the fact that the record there involved was not required to be signed by any one. The raising of taxes is among the most important powers conferred upon the board, and the reasons stated in the Pearsall case, by Mr. Justice CHAMPLIN, apply with equal force to the case at bar.

2. After the supervisor had completed and certified to his roll, had submitted it to the board of supervisors, and

had received it back from the board with the certificate of the chairman affixed thereto, the supervisor, without any authority from the board, made several substantial alterations in the roll, by adding a number of parcels of property thereto, and increasing the assessment of one parcel from $80 to $800. The additions thus made amounted to about $3,500. This is admitted, but it is insisted that the defendants cannot attack the validity of the assessment because they are not injured thereby. This case is ruled by *Ferton v. Feller*, 33 Mich. 199, where the unauthorized change made by the assessor was to the advantage of the tax-payer. The supervisor's authority over the roll had ended, so far as making any changes was concerned. Public policy will not permit any tampering with the roll after it has been completed and certified to, notwithstanding the intention be good, and the tax-payer not injured. The reasons for this are very ably and forcibly stated by Mr. Justice CHRISTIANCY, in *Clark v. Axford*, 5 Mich. 182, and by Mr. Justice GRAVES, in *Ferton v. Feller*. If the supervisor may make one material change, he may make them *ad libitum*. The evils of such a course are apparent. The door to them must be kept closed. The roll thus changed is not the tax roll authorized by law. Its legal identity is destroyed.

Judgment affirmed, with costs.

MORSE, CAHILL, and LONG, JJ., concurred. CHAMP-LIN, C. J., did not sit.