JONATHAN BOYCE v. THE AUDITOR GENERAL ET AL.

[See 90 Mich. 314.]

*Taxes—Record of board of supervisors.*

1. After a very full reargument, the Court see no reason to change the views expressed in the opinion reported on page 314 of this volume.

2. The Court distinguish this case, in so far as it affirms the holding in the former opinion that the chairman and clerk of a board of supervisors may, during their then term of office, supply the omission of their signatures from the record of the proceedings of the board, from *Pearsall v. Supervisors*, 71 Mich. 438, where the essential resolution did not appear in the proceedings, and from *Weston v. Monroe*, 84 Mich. 341, where the lands had been sold for the State tax, and several years

afterwards an action of ejectment was brought under the tax deed issued on such sale, and the record was still unsigned.

Rehearing, upon application of complainant, of case reported at page 314, *ante.* Submitted June 8, 1892. Former decision affirmed July 1, 1892.

*W. A. Burritt,* for complainant.

*Henry H. Woodruff,* for defendants.

McGRATH, J. After a very full reargument, we see no reason to change our views in this case, as expressed in 90 Mich. 314.

In *Pearsall v. Supervisors,* 71 Mich. 438, the essential resolution did not appear in the proceedings. In the present case the resolution did appear in the records, but the record was not signed by the chairman until between three and four months after the resolution was passed. The fact or act was recorded, and the record simply lacked the attest of the chairman.

In *Weston v. Monroe,* 84 Mich. 341, the land had been sold for the tax, and several years afterwards ejectment was brought under the tax deed, and the record was still unsigned.

Here no private rights had attached. No proceedings had been taken to enforce the collection of the tax. It had not at that time been returned as delinquent, and no sale had been had.

As to the bonds, they were issued to liquidate an outstanding indebtedness of the township, an indebtedness created by lawful authority, and represented by outstanding orders. These orders were presumptively valid. No proceeding had been taken affecting their validity. It was in complainant's power to institute an inquiry at the time of the issue of the bonds to determine the validity of the orders. The act authorizing the issue of the

bonds did not take away this right. Whether the Legislature could authorize the township board to create an indebtedness would involve other considerations, but in the present instance the indebtedness had been created in the usual and ordinary course, and the act simply authorized the funding of a floating debt, which had been created by the proper authorities, acting within the scope of their powers.

Respecting the State tax, the apportionment to the several counties is made by the Auditor General. The record of that apportionment is in the archives of the State. The only determination made by the board of supervisors respecting the State tax is that which relates to the apportionment of the amount fixed upon by the Auditor General to the several townships. That apportionment appears upon the records in the present case, and the sum of the amounts apportioned to the townships also appears. Whether that aggregate amount is correct or not depends, not upon any action of the board of supervisors, but upon the records in the office of the Auditor General.

The other Justices concurred.