### FRYE *against* LOCKWOOD.

*In general, where money is paid to an agent to be paid over to his principal, which is accordingly paid over without notice not to do so, no suit will lie against the agent to recover it back; but the money must be paid with the intent to pass it to the credit of the principal.*

ASSUMPSIT. for money had and received. The action was to recover back $100, money paid by the plaintiff to the defendant, upon the ground that it was wrongfully collected by him from the plaintiff, under pretence of its being a court martial fine, imposed under the circumstances detailed in *Mills* v. *Martin*, (19 John. Rep. 7,) which see.

The cause was tried at the Orange circuit, July 2d, 1823, before DUER, C. Judge.

It was agreed that the money, since the decision in *Mills* v. *Martin*, could not have been legally collected by the defendant; but his counsel insisted that the action would not lie against him, on the ground that the president of the court martial certified the fine to the marshal of the district where

*And the rule does not extend to an agent who obtains money illegally by compulsion or extortion; and especially where a suit brought to recover it of the agent is defended at the risk and expense of the principal.*

*Thus, where a deputy marshal of the United States, upon a warrant, demanded money, as due for a fine imposed by a pretended court martial of the United States, whose proceedings were* coram non judice *and void, which money was paid on demand, paid over to the marshal, without notice not to do it, and a suit was brought against the deputy to recover it back, and the suit was defended by the marshal or secretary at war;* held, *that the action lay against the deputy.*

*Such a payment is not voluntary, within the meaning of the rule, that a voluntary payment of money will not constitute a ground of action.*

the plaintiff resided ; and that the defendant in aid, and as the assistant of Seymour, a deputy marshal, demanded the fine of the plaintiff, which he voluntarily paid to the defendant, with the fees of collection, which fine was immediately remitted by the defendant and Seymour, and paid over to the marshal ; that both the defendant and Seymour were deputies of the marshal, for the purpose of serving and executing court martial certificates ; and that the suit was defended by the marshal, or secretary at war.

These facts being proved, and it not appearing that the defendant had notice not to pay over the fine, a verdict was taken for the plaintiff, subject to the opinion of the Court on a case, with liberty to either party to turn it into a special verdict.

*E. Williams*, for the plaintiff. 1. The money was extorted from the plaintiff, under color of process, upon a proceeding purporting to be judicial, but which was void. This cannot be called a voluntary payment.

2. Notice to the defendant not to pay over the money to his principal was not necessary.

*T. J. Oakley*, for the defendant, said, the plaintiff having paid the money voluntarily, cannot recover it back in an action of assumpsit ; and, at any rate the defendant being a deputy marshal, and having paid the money over to his principal before action brought, and without notice not to do this, an action cannot be maintained against him, but should be brought against the marshal ; and he cited 1 Selw. N. P. Wheat. ed. 71, 72, note ; 1 Chit. Pl. 25, and the cases there cited ; *Greenway* v. *Hurd*, (4 T. R. 553 ;) *Sadler* v. *Evans*, (4 Burr. 1984 ;) *Peto* v. *Blades*, (5 Taunt. Rep. 657 ;) *Edwards* v. *Hodding*, (id. 815 ;) and *Ripley* v. *Gelston*, (9 John. Rep. 201.)

*Williams*, in reply, said here was no agent of any government. Both principal and agent are trespassers, and the law will not recognize the relation of principal and agent, for any purpose of protection. The payment was not with intention that the money should go to govern-

ment, or the marshal. *Ripley* v. *Gelston*, (9 John. Rep. 201,) and *Cox* v. *Prentice*, (3 M. & S. 344,) are in point for the plaintiff as to the effect of paying over. The defendant was bound to know the law ; and knowing this, he knew there was no right to pay over the money.

*Curia*, per SUTHERLAND, J. Where money is paid to an agent, *for the purpose of being paid over to his principal*, and is actually paid over, no suit will lie against the agent to recover it back. In *Sadler* v. *Evans*, (4 Burr. 1984,) the defendant was the receiver of the rent of Lady Windsor, and in that character demanded from the plaintiff, and received a certain rent, for which he gave a receipt, stating that he received it *for the use of Lady Windsor.* The rent, in truth, was not due to Lady Windsor, but having been paid for the purpose of being paid over to her, it was held, that it could not be recovered back from the agent. In *Buller* v. *Harrison*, (Cowp. 567,) and *Cox* v. *Prentice*, (3 M. & S. 344,) the agent had not paid over the moneys to his principal. The case of *Greenway* v. *Hurd*, (4 T. R. 553,) which was principally relied on by the defendant's counsel, seems to be placed by Ld. Kenyon, more on the ground of the want of the notice, required by statute to be given, before an action could be sustained, than upon the principle, that the defendant was exempt from liability as being an agent ; and Buller, J. seems to put his opinion on the ground that the payment by the plaintiff was voluntary on his part.

In *Ripley* v. *Gelston*, (9 John. Rep. 201,) the collector of the customs was held liable in an action for money had and received, for duties which had been illegally exacted by him, although the duties had been paid over by him to the United States. The Court there adopted the true distinction. They say the cases which exempt the agent from the suit, if he has paid over the money to his principal, without notice, do not apply. The money was paid by compulsion ; it was extorted as a condition of granting the clearance, and *not paid with the intent or purpose that the collector should pass it to the credit of the United States.* And they rely upon *Snowdon* v. *Davis*,(1 Taunt. 359.)

In *Townson* v. *Wilson*, (1 Camp. 397,) Ld. Ellenborough says, if any one gets money into his hands *illegally*, he cannot discharge himself by paying it over to another. But it is not necessary to rely on that principle in this case; for it was proved, on the trial that the defendant admitted he had no interest in the defence; that it was conducted either by the secretary at war, or the marshal. In such a case, even if the liability of the defendant were more questionable, I should hesitate, before I would drive the plaintiff to a new action, against the very persons who now in truth defend this.

Judgment for the plaintiff.