THE PEOPLE EX REL. ALEX. GEBHART AND JOHN S. ESTA-
BROOK v. EAST SAGINAW AND CITY TREASURER.

*Suit to recover back compulsory payments.*

Payment made under stress of a legal process is compulsory, and if
unlawfully exacted, the person making it can sue to recover it
back.

Mandamus to compel payment to a contractor from a special assess-
ment, was denied where the assessment had been adjudged
invalid in a suit brought by a tax payer to recover back what
he had paid.

MANDAMUS. Motion submitted Jan. 15. Denied Jan. 31.

*John J. Wheeler* for relators.

*C. H. Gage* for respondents. Petition for mandamus
must show a clear legal duty resting on the persons
against whom it is asked. *Butler v. Saginaw Supervisors,*
26 Mich., 22.

COOLEY, J. Relators were contractors with the city of
East Saginaw for the grading of a street in that city.
Under the provisions of the city charter, payment for the
work could only be made from a special assessment made
for the purpose.

One of the property owners whose lands were assessed
contested his liability, and a levy was made upon his
property. An arrangement was then made between him
and the city authorities that he should deposit his check
for the amount with the city treasurer, and that an
amicable suit should then be instituted by him in the
Saginaw circuit court to determine his liability. This
arrangement was carried out, and the decision of the
court was in his favor.

The relators insist that the delivery of his note to the
city treasurer was a payment into the special fund, which
entitled them to receive the amount, and that the arrange-

ment for a suit was wholly unwarranted and could not affect their interests. Assuming the judgment against the city to be valid, they claim that it could not operate as a judgment to withdraw moneys from the special fund, but must be satisfied from the general fund only. And they now apply for a mandamus to compel the payment to them of certain orders drawn for work performed under their contract, and payable out of this special fund.

There is no occasion to discuss the question whether the delivery of the check was or was not, under the circumstances, equivalent to payment. Admit it to be a payment, and it was a compulsory payment, because made under the stress of legal process. *First National Bank of Sturgis v. Watkins*, 21 Mich., 483. The tax payer was therefore entitled to bring suit to recover it back. And the recovery settles the point that the amount was never lawfully in the special fund, and consequently that relators were never lawfully entitled to it.

The mandamus is denied with costs.

The other Justices concurred.