THE AUDITOR GENERAL v. ELIZA JANE JENKINSON.

*Taxes—Under-assessment of property.*

1. The *intentional* under-assessment of a certain class of property (vessel property) is equally invalid whether the result of an agreement between the owners and the assessing officer, or of the officer's disregard of his official duty without such agreement; citing *Walsh v. King,* 74 Mich. 354.

| 90 | 523 |
| 94 | 191 |
| 90 | 523 |
| 108 | 571 |
| 90 | 523 |
| 113 | 249 |
| 90 | 523 |
| 116 | 486 |
| 90 | 523 |
| 123 | 537 |
| 90 | 523 |
| s51NW | 643 |
| 132 | ²312 |

2. Where, in proceedings under the tax law of 1889, a tax-payer objects to his taxes on the ground of an intentional under-assessment of a certain class of property, and there is no difficulty in ascertaining the consequent increase, the extent of the relief to which he is entitled is the deduction of such increase from the taxes assessed against him; citing *Merrill v. Humphrey*, 24 Mich. 170.

Appeal from St. Clair. (Canfield, J.) Submitted on briefs January 15, 1892. Decided March 11, 1892.

Petition for sale of lands delinquent for taxes under Act No. 195, Laws of 1889. Contestant appeals. Amount of increase of taxes, caused by an intentional under-assessment of property, deducted. The facts are stated, in the opinion.

*Phillips & Jenks (S. W. Vance,* of counsel), for appellant.

*Cyrus A. Hovey,* Prosecuting Attorney, for the petitioner.

MONTGOMERY, J. The Auditor General having filed his petition in the manner required by section 52 of the tax law of 1889, asking that a decree be entered for the amount of taxes assessed for the year 1888 upon delinquent lands in St. Clair county, the appellant filed objections to the taxes assessed against her property, and a hearing was had.

The evidence shows that the vessel property owned in the city of Port Huron was assessed at 10 per cent. of its actual cash value. The same course had been pursued the previous year, and a bill in equity had been filed by one Robert Walsh to test the validity of such assessments.

J. B. Hull, the present controller of the city, and one of the supervisors in 1888, was called as a witness for the

appellant, and, being asked to state what was said in regard to the arrangement as to the assessment of vessel property for the year 1888, testified:

"I think when we were around,—that is, a little before the vessel property was put on the assessment roll, we were around going on the property, making the assessment on real estate,—Dr. Kibbee said something or other that the vessel property had to be assessed pretty low to keep it here,—something of the kind. Says I, 'What are you going to do?' He said he didn't know, but probably make it about the same as it was last year, —something of that nature; I may not get the exact words. I do not know what rate of assessment was made, but understood that it was 10 or 15 per cent. I do not recollect the exact amount."

Dr. Kibbee was a member of the board of review in 1888.

The learned circuit judge entered a decree requiring the appellant to pay the full tax assessed against her property, and based his decision upon the ground that the objection filed by her was not sufficiently specific. The objection filed stated that—

"In the spring and winter of 1888, and prior to the assessment of property for taxes in the city of Port Huron for that year, the controller and supervisors of the several wards of said city, whose duty it was to assess and value the real and personal property assessable within said city, and on which assessed valuation said taxes were apportioned, entered into a fraudulent and corrupt agreement with the owners of vessel property subject to taxation within the said city for the purpose of relieving them; * * * that in pursuance of said agreement the assessment was made, and over $450,000 worth of property subject to taxation in said city was assessed at less than one-tenth of its true cash value."

The circuit judge, considering that there was no evidence tending to show that any such agreement was made in the spring of the year 1888, although there was evidence tending to show such an agreement made in

the spring of 1887, was of the opinion that the objections were fatally defective. The petitioner asked to amend her objections, but this was denied, and a decree entered a₃ above stated.

We think the circuit judge was in error in not permitting an amendment. The tax law of 1889 provides that proceedings where the validity of any tax is in dispute shall, where there is no other provision made therein, follow the ordinary chancery practice, and the court may allow amendment as in ordinary cases. We see no reason why such an amendment as asked should not have been allowed.

But we also think that the petitioner was entitled to relief upon the objections as they stood. The gist of the objection was the intentional under-assessment of a large portion of the property. This was clearly proven. It was wholly immaterial when the corrupt agreement was made with reference to such assessment, or, indeed, whether any such agreement was made at all. The hardship to the appellant grew out of such under-assessment, and, if the under-assessment was intentional on the part of the assessing officer, it was equally invalid whether it was the result of an agreement with the owners of the property or his own disregard of his official duty. As was said in *Walsh v. King*, 74 Mich. 354:

"It is settled in this State, as well as elsewhere, * * * that in a case like the present, where the assessing officers have purposely, in violation of law, exempted property from taxation, so that the burden of taxation rests unequally, those who are wronged by this action are entitled to remedy against such wrong."

See, also, *Merrill v. Humphrey*, 24 Mich. 170, and cases cited.

It is claimed by the appellant that the entire tax assessed against her should be declared invalid and set

aside; but we think otherwise.   There is no difficulty in ascertaining the extent to which she has been affected by this unlawful omission of assessments, and it appears that her taxes were increased in consequence of the wrongful assessment by the sum of $31.23.   We think, therefore, that she is entitled to have this sum deducted from the tax assessed against her, and that this should be the extent of her relief.   *Merrill v. Humphrey,* 24 Mich. 170.

Appellant is entitled to costs in this Court.

The other Justices concurred.