| 132 | 311 |
| 142 | ¹200 |
| 132 | 311 |
| 152 | ¹624 |

AUDITOR GENERAL *v.* HUGHITT.

1. TAXATION—ALTERATION OF ROLL—FRAUD.

Where a supervisor fraudulently changed and reduced the valuation of certain lands on his assessment roll after the roll had been reviewed and completed, the entire tax roll was void.

2. SAME—CONSTRUCTION OF STATUTE.

1 Comp. Laws, § 3899, providing that, if any fraud affects the amount of one tax only, the tax shall be sustained so far as the same is legal and just, does not apply to the fraudulent reduction of an assessment, since such reduction affects every taxpayer.

Appeal from Iron; Stone, J.   Submitted January 14, 1903.   (Docket No. 106.)   Decided February 17, 1903.

Petition by Roscoe D. Dix, auditor general, for the sale of lands delinquent for the taxes of 1898: On objections filed by Amos J. Hughitt and others. From a decree declaring the taxes void in part only, respondents appeal. Reversed.

The respondents are the owners of lands situated in the township of Iron River, Iron county. After the assessment roll had been made, reviewed, and completed, the supervisor (one Thomas H. Flannagan) corruptly and fraudulently changed and altered the valuations of certain lands in sections 17 and 21 in said township by reducing the valuation fixed by the board of review in the sum of $34,000. The assessment for the taxes for said year was made on such fraudulent valuation. The land whose value was reduced belonged to the Metropolitan Lumber Company. The total value of the real and personal property, after such fraudulent changes, was $281,025. The court below held the tax void to the amount of one-tenth thereof.

*Charles H. Watson,* Prosecuting Attorney, for petitioner.

*Isaac W. Byers* (*Cook & Pelham,* of counsel), for respondents.

GRANT, J. (*after stating the facts*).   The respondents insist that the entire tax roll is void because of the fraud, while the petitioner insists that the damage done to the respondents by the fraud can be separated, and the proper tax ascertained.   The petitioner, in his brief, states his position as follows:

"The result was that the assessment roll was infected by an irregularity in matter of substance, which prejudiced the property rights of the defendants in the proportion which $34,000 bears to $281,025, the total footing of the roll."

In support of this claim he cites *Merrill* v. *Auditor General,* 24 Mich. 170; *White* v. *Township of Millbrook,* 60 Mich. 532 (27 N. W. 674); *Solomon* v. *Township of Oscoda,* 77 Mich. 365 (43 N. W. 990); *Auditor General* v. *Jenkinson,* 90 Mich. 523 (51 N. W. 643).   It is claimed, also, that the rule is recognized in *Auditor General* v. *Prescott,* 94 Mich. 190 (53 N. W. 1058); *Auditor General* v. *Sparrow,* 116 Mich. 574 (74 N. W. 881); and *Auditor General* v. *Iron Co.,* 123 Mich. 521 (82 N. W. 260).

Prior to the passage of Act No. 206, Pub. Acts 1893, the provisions of the tax laws covering cases like the present read as follows:

"If any such illegality, omission, or fraud affects the amount of the tax only, the tax shall be sustained so far as the same is just and legal."

The clause in the present act (section 76) reads as follows:

"If any such illegality, omission, or fraud affects the amount of *one* tax only, the tax shall be sustained so far as the same is legal and just."

The same section authorizes such tax to be set aside when fraudulently assessed. The most of the cases above cited arose under the former acts.

Every taxpayer in the township is prejudiced, except the one whose valuation was reduced. The tax roll is a forgery. It is not the roll made by the supervisor, reviewed by the board of review, and placed in the hands of the treasurer for collection. As we said in *Weston* v. *Monroe*, 84 Mich. 341 (47 N. W. 446): "Its legal identity is destroyed. It is not the roll authorized by law." A forged assessment roll possesses no more validity than does a forged note. Such tax rolls have been held void even where the changes were made in good faith, and where the parties had not been injured. *Ferton* v. *Feller*, 33 Mich. 199; *Weston* v. *Monroe, supra*. All the taxpayers of the township, except the Metropolitan Lumber Company, are prejudiced by this action, and must remain prejudiced, notwithstanding those who contest may get a reduction of one-tenth of their taxes. If the rejected portion thereof is to be reassessed the following year, the taxpayers will again be called upon to pay their proportions thereof. There is no provision of the law by which the injustice can be remedied except by holding the entire tax void. It cannot be remedied the following year by adding the amount thus fraudulently stricken from the roll to the assessment roll then to be made. All that the assessor could do the following year would be to assess this same property at its proper cash value. If the entire one-tenth of the present tax were set aside, there would be a deficiency to that amount in the revenue of that year. It must be raised the following year, and must be spread over the entire property of the township. If this property were assessed at its cash value the following year, the deficit of the year before would be spread over the entire township, and he in whose interest the fraud is perpetrated would go scot-free from paying a large part of what would be his proper proportion, while the other taxpayers of the township would pay much more than their proper share. The

decision of the court below, if sustained, would enable such taxpayer to profit by the fraud, and to escape paying his proper share of the public burden. Only by setting the entire tax aside can the fraud be remedied, and all taxpayers placed upon an equality. We think it was the intention of the legislature to make these fraudulent tax rolls absolutely void. The entire tax must be held vitiated by the fraud, within the principle established in *Weston* v. *Monroe; Ferton* v. *Feller; Auditor General* v. *Iron Co.; Auditor General* v. *Sparrow, supra.*

Decree reversed, and decree entered in this court for the respondents.

The other Justices concurred.