MANUFACTURERS TRUST COMPANY, Plaintiff, *v.* EDWARD CORSI, as Industrial Commissioner of the State of New York, Defendant.

Supreme Court, Special Term, New York County, March 26, 1946.

*Nathaniel L. Goldstein, Attorney-General (Otto W. G. Marquard* of counsel), for defendant appearing specially.

*Edward A. Silliere* and *John Lane* for plaintiff.

Miller, J. Motion by defendant, appearing specially, to vacate the service of the summons.

Defendant is a State official, holding the office of Industrial Commissioner (Labor Law, § 10), and is designated as such in the summons. The motion to vacate is based upon the ground that this court has neither jurisdiction of the person of defendant nor of the subject matter of the action, as the State has not given its consent to be sued herein.

No complaint has, as yet, been served. Plaintiff's opposing affidavit asserts that the action is brought to recover the amount of certain contributions made by it to the Unemployment Insurance Fund created by section 514 (now § 550, subd. 1) of the Labor Law, on the ground that it was not liable for contributions made by it for the period from August 10, 1939, to December 31, 1939, inclusive. Plaintiff claims that, factually and legally, its position is identical with that of the bank in *Matter of Bank of Manhattan Co. (Murphy)* (293 N. Y. 515, 523) where it was held: "From August, 1939, until that time [January 1, 1940], the State could not impose upon State banks a tax to which national banks were not subjected in accordance with the power to tax which had been conferred upon the State."

Defendant contends that the action is in essence against the State, and that, in the absence of its consent, this court is without jurisdiction.

The moneys allegedly paid by plaintiff were received by the Industrial Commissioner in his official capacity as the delegated agent of the State. Under then section 519 of the Labor Law

(now § 550, subd. 2), the State Commissioner of Taxation and Finance was made the custodian of " the unemployment trust fund " and, subject to audit by the State Comptroller, the Industrial Commissioner was vested with the distribution thereof. It must be presumed that the Industrial Commissioner, as a public official, duly surrendered all the funds received by him, including plaintiff's, to the State Commissioner of Taxation and Finance, the designated custodian. In such circumstances, the Industrial Commissioner cannot be held personally liable for the moneys paid by plaintiff.

That this action is against the present Industrial Commissioner in his official capacity, and not for a private wrong committed by him, is confirmed by the fact that plaintiff's brief concedes that this action was commenced more than three years after the payments were made — thus indicating that the moneys involved were paid not to the present Industrial Commissioner, but to a predecessor.

A successful recovery by plaintiff would, to that extent, inevitably diminish the amount of moneys available for use by the State for the relief of unemployment. Consequently, any action to recover moneys exacted under the Unemployment Insurance Law (Labor Law, art. 18), when brought against the Industrial Commissioner in his official and public capacity, is one wherein the State, though not added as a party defendant, is the real person against whom any judgment for plaintiff will operate.

The prosecution of claims and actions against the sovereign State may be brought only in a forum in which it has consented to be sued. In the absence of any constitutional or statutory provision authorizing it to assume jurisdiction of an action such as this, this court has no jurisdiction.

It is therefore unnecessary to consider the further contention of the Attorney-General that service of the summons, under section 221 of the Civil Practice Act should also have been made upon him.

Accordingly, the motion to vacate and set aside the service of the summons herein is granted.