OPINION OF THE COURT
James B. Reap, J.
A. QUESTIONS POSED:
This case presents two novel questions:
1. Does the City Court of White Plains have jurisdiction to award possession to a landlord in a summary proceeding where the State of New York and its agency, the Department of Motor Vehicles, are holdover tenants under a written month-to-month lease?
2. Does the City Court of White Plains have jurisdiction to grant a sum of money to the landlord for reasonable use and occupancy when tenants, the State of New York and its agency, the Department of Motor Vehicles, have not paid the rent due?
b. holding:
We do have jurisdiction to award possession but not to grant a claim for rents due. That part of the action must be brought in the State Court of Claims.
c. the state’s position:
By affidavit in opposition to the relief sought by the petition and notice of petition in this summary proceeding, respondents tenants, the State of New York and the Department of Motor Vehicles, seek to dismiss the petition and the proceeding upon the following three grounds:
1. Failure to terminate the lease in accordance with the terms of paragraph 21 thereof.
2. Lack of jurisdiction for failure to serve a copy of the petition and notice of petition upon an Assistant Attorney-General within the State of New York.
3. Lack of jurisdiction in the City Court to hear a claim for money damages against either the State of New York or an agency thereof.
d. decisions:
Our decision on each of these points follow the same numerical order:
*1039 1. Denied. Paragraph 21 of the lease is not all inclusive, since it does not state that the only way a 30-day notice to terminate can be served must be as stated therein. For the purpose of this case, we find said notice was properly served pursuant to Real Property Law § 232-b. It was sent in a timely manner by certified mail, return receipt requested, to Ms. Carol Schulmann, the leasing officer of the Bureau of Leases, Office of General Services for the State of New York on January 26, 1990. She is an officer authorized to receive notice. In accordance with paragraph 7 of the lease, petitioner had the right to terminate on 30 days’ notice, and did so effective February 28,1990.
2. Denied. Service of process in this case was properly made in compliance with RPAPL 735, CPLR 307 (1) and CPLR 403 (c). The Assistant Attorney-General receipted for a copy of the petition and notice of petition and the receipt is attached to the petitioner’s affirmation dated March 20, 1990. Thus far, we do have jurisdiction to entertain the summary proceeding.
3. Discussion: We break this prong on the motion to dismiss into two parts.
The first part involves the question of whether we have jurisdiction over a proceeding to award possession of the premises under the terms of the 30-day notice to terminate. The answer is yes. We also note respondents do not contest this view in their affidavit.
The second part pertains to the question of whether we have jurisdiction to award money damages in the form of respondents’ use and occupancy for the month of March 1990. The answer is no.
a. As to the first part, UCCA 204 confers jurisdiction upon the City Court over summary proceedings to recover possession of real property located within the city, to remove tenants, and to render judgment for rent due without regard to amount. It makes no distinction between the State, or an agency thereof as a tenant, and any other tenant.
b. UCCA 212 confers upon this court all the powers that the Supreme Court could exercise in like actions and proceedings.
c. The Court of Claims Act, at section 9, covers its jurisdiction. It says nothing about that court’s jurisdiction over summary proceedings to remove holdover tenants who happened to be the State of New York and an agency thereof in the case of a month-to-month tenancy. Even if it could be argued that section 9 (2) covers a summary proceeding, there is no exclu *1040 sive jurisdiction conferred upon the Court of Claims to hear and determine an award of possession when the State holds over after a proper 30-day notice to terminate the tenancy has been served. The most that could be said when all of section 9 of that statute is read as juxtaposed against UCCA 204 is that there might be concurrent jurisdiction in the Court of Claims to hear this prong of the summary proceeding. However, that is irrelevant, since we do have specific jurisdiction conferred upon us by UCCA 204 over summary proceedings and we are a court of record with Supreme Court powers. (See, UCCA 212; and compare, Seglin Constr. Co. v State of New York, 249 App Div 476 [1937], amended 250 App Div 818, affd 275 NY 527.)
d. We, therefore, conclude that we do have jurisdiction to award possession, issue a warrant of eviction, and remove the State and its agency as a tenant when it is alleged and if it is proven that a written month-to-month tenancy has been properly terminated on 30 days’ notice.
e. However, as to the second part, when it comes to money damages in the form of jurisdiction to entertain a claim for reasonable use and occupancy for the month of March 1990, we arrive at a different result. This is because the State waives its immunity from liability and action for money damage only if a claimant complies with the Court of Claims Act pursuant to section 8 thereof. (Compare, Ashland Equities Co. v Clerk of N. Y. County, 110 AD2d 60 [1985].) The State is immune from any suit for money damages except where it has specifically consented thereto by express constitutional or legislative enactment. (Cass v State of New York, 88 AD2d 305 [1982]; Conklin v Palisades Interstate Park Commn., 282 App Div 728 [1953]; Ebbetts v State of New York, 88 Misc 2d 358 [1976], affd 64 AD2d 794, affd 47 NY2d 973.) See also Eale Realty Corp. v State of New York (115 AD2d 635 [1985]), which holds that the Court of Claims has exclusive jurisdiction for monetary claims based on a breach of lease by the State or its agency, all pursuant to the Court of Claims Act at sections 8 and 9 (2). Moreover, it was held in Matter of Ross v Barbaro (61 Misc 2d 147 [1969]) that the State could not be sued for money damages in Supreme Court without its consent. How then can it be sued in City Court without its consent? It cannot.
f. We thus conclude that a claim for money damages, which an action for reasonable use and occupancy is, brought against the State or any agency thereof, may only be presented in the form where the State has consented to be sued, and this is the *1041 Court of Claims. (Manufacturers Trust Co. v Corsi, 186 Misc 577 [1946].)
e. summary:
1. The court will, and does, entertain the petition and notice of petition to terminate the tenancy of the State and Department of Motor Vehicles and to award petitioner possession of the premises.
2. The court does not have jurisdiction to award petitioner a sum of money for use and occupancy, and so to that extent, the respondents’ motion to dismiss is granted.
3. This case is restored to the calendar for a call at 9:00 a.m. on Monday, April 2,1990.