## THE MICHIGAN LAND & IRON COMPANY (LIMITED) v. THE TOWNSHIP OF REPUBLIC.

*Taxes—Payment under protest—Proof of such payment—Notice to produce document—Resolution authorizing levy of highway taxes—Assessment of land detached from township.*

1. A tax-payer mailed a letter to a township treasurer, containing a draft for the payment of taxes, and a notice that the same were paid under protest, keeping an *accurate* copy of the notice, and received a receipt, and a postal-card in the handwriting of the treasurer, acknowledging the receipt of the draft and notice. In a suit to recover the taxes paid, the copy of the notice was received in evidence without notice to produce the original or proof of its loss.

   *Held,* that the protest was a mere notice, and, after proof of its service, was provable by the copy received in evidence. *Falkner v. Beers.* 2 Doug. 117, 119.

2. Where the *only* authority shown for raising a highway tax for 1885 was a resolution of the township board, passed in October, 1885, to raise $1,000 highway tax for 1886,—

   *Held,* in the absence of proof that the entry was a clerical mistake, that the levy of a highway tax for 1885 was illegal.

3. There can be no presumption against the express reading of a resolution for raising taxes when no clerical mistake is shown in recording the same, nor can the object and purposes of the levy of the tax, as shown by such record, be varied or contradicted by parol evidence.

4. An act of the Legislature approved April 3, 1885, and taking effect in September of that year, detached certain land from one township and attached it to another, and the supervisor of the township from which the land was taken, supposing the act had taken immediate effect, assessed the land as if a part of the new township, thereby increasing the rate of taxation, levying the taxes thereon upon statements furnished him by the supervisor of the new township, which were collected and paid over to its treasurer.

   *Held,* that he had no authority to levy said tax on said statements, as the tax in a township must be uniform, and that his township cannot complain of a judgment in favor of the land-owner for the excess of the tax thus levied, when it would

appear that the whole township levy on said detached land was illegal.

Error to Marquette.   (Grant, J.)   Argued  April 8, 1887. Decided April 28, 1887.

Assumpsit.   Defendant  brings error.   Affirmed.   The facts are stated in the opinion.

*W. P. Healy,* for appellant.
*Ball & Hanscom,* for plaintiff.

MORSE, J.   The plaintiff corporation sues for taxes paid under protest, and claimed to be illegal.   It recovered judgment in the circuit court for the county of Marquette; the verdict of the jury, by direction of the court, being for the sum of $158.78.

The first error in the proceedings alleged by the defendant relates to the admission of evidence in relation to the filing of the protest.   It is claimed that there was no legal proof of the payment of taxes *under protest.*

Horatio Seymour, Jr., land agent and manager of the corporation, testified that he mailed a letter to the township treasurer of Republic, inclosing the amount of the taxes assessed against the company either by check or draft.   In the envelope containing the letter he also sent a notice of protest, of which protest he kept an accurate copy.   The copy was produced upon the trial, and offered in evidence. The plaintiff also put in evidence a postal-card purporting to be from the township treasurer, stating:

"Yours of the tenth instant, with draft for taxes and protest, received."

He also received by mail a tax receipt for the taxes.   The handwriting of the treasurer upon the postal-card was identified and proven.   The copy of the protest and the postal-card were received in evidence, against objection.

The reasons assigned for error upon this ruling are:

1. The original protest should have been introduced, or its absence accounted for.

2. No foundation was laid for introducing the copy.

There was no evidence introduced by the defendant tending to show that the protest was not received. We think the evidence was sufficient. There was nothing to dispute the claim of the plaintiff that the notice of protest offered in evidence was a true copy of the paper served upon the treasurer by mail. The treasurer acknowledged the receipt of a protest, and but one was sent. The presumption was irresistible that the treasurer received a notice of protest, of which the one adduced upon the trial was a true copy.

It is argued that the original should have been introduced, or a notice have been served upon the treasurer to produce it upon the trial; that secondary evidence of its contents could not be given unless it was lost, or the defendant refused to produce it upon proper notice. This protest was a mere notice. It was not, therefore, necessary to produce the original, but, after the fact was shown that it had been served, it was provable by a copy made at the same time as the original. *Falkner v. Beers*, 2 Doug. (Mich.) 117, 119; 1 Greenl. Ev. § 561. Besides, it may be well considered that the copy retained by Seymour was a duplicate.

The taxes paid under protest were a township tax of $154.73, and a highway tax of $104.82.

The only authority for levying the highway tax was a resolution passed by the township board, October 8, 1885, that $1,000 be raised as a highway tax for 1886. There was no other record or entry relating to the raising of a highway tax during the year 1885. The records of the proceedings of the township board and the township meeting show no vote by the electors of the township, at any time, determining that the highway taxes should be raised in money instead of in labor. The records of the doings of the highway commissioner were contained in the same book with the records of the proceedings of the township board, and showed no

action in relation to said tax other than as above stated.   No labor reports were made out or filed in the office of the township clerk, nor were there any reports of overseers of highways, in the year 1885.   The circuit judge held this tax invalid.   The ruling was correct.   The tax was voted for 1886, and levied for 1885.

The proceedings of the township board do not show that the highway tax was raised to pay for the "improvements necessary to be made in the highways and bridges during the year 1885," and from the record it must be presumed that it was not raised for that year, but for 1886.   It is claimed by defendant's counsel that this was a mere clerical mistake or error in transcribing the resolution; but there is no evidence to support this claim.

It is also argued that the record shows that the township was in debt, to the extent of $800, for a road built in 1884, and that the supervisor testified that $800 of the sum thus voted for highway tax was raised to pay this debt.   But there can be no presumption against the express reading of the resolution when no clerical mistake is shown, nor can the object and purposes of the levy of the tax, as shown by such record, be varied or contradicted by parol evidence.

In regard to the township tax, the record shows that a portion of plaintiff's land upon which the tax was spread had been, by an act of the Legislature, detached from the township of Republic, and attached to the township of Bates, in the new county of Iron.   Acting upon the supposition that this act had taken effect at the time the tax was assessed, the supervisor of Republic, under the advice of the prosecuting attorney, assessed the property as if it were in the township of Bates, thereby largely increasing the rate of taxation.   The supervisor levied the taxes upon such. lands, upon statements sent or handed to him by the supervisor of the township of Bates.   These taxes were collected by the township of Republic, and paid over to the township of Bates.

The excess upon these lands over what would have been the taxes if they had been assessed for the township tax of Republic was found to be $43.96. The law detaching this territory did not take effect until the twenty-first day of September, 1885, and contained this provision:

"All taxes heretofore levied shall be collected in the same manner as though this act had not passed." Laws of 1885, p. 33, § 7.

The tax law of 1885 (Act 153, § 97) also provides that—

"In case of the organization of a new county after the time for making the assessment roll, and prior to the return of the township treasurer, such new organization shall in no way affect the assessment, collection, or return of taxes for that year, or any lands attached to the new county. No division of a township after the time for making the assessment roll, and prior to the return of the township treasurer, shall in any way affect the assessment, collection, and return of such taxes; but such taxes shall be assessed, collected, and returns made, as though there had been no such division."

It will be seen that the supervisor of Republic had no authority to assess these lands upon statements sent to him by the supervisor of Bates. The tax must be uniform, and the defendant certainly cannot complain of the action of the circuit judge, who only allowed the plaintiff to recover for the excess levied upon these lands above the township tax rate upon the other real estate in the township. The township of Republic was held not liable for the balance of the township tax, when it would appear that upon the lands detached the whole township levy was illegal.

The judgment must be affirmed.

The other Justices concurred.