ROBERT WALSH v. JAMES KING AND THE CITY OF PORT HURON.

[See *post*, 356.]

*Taxes—Injunction to restrain collection—Under-valuation of certain property by agreement—Relief in equity.*

1. The issuance of a preliminary injunction to restrain the collection of taxes is prohibited by section 107 of Act No. 153, Laws of 1885 (which provision was held constitutional in *Eddy v. Township of Lee*, 73 Mich. 123), and such injunction should be unconditionally dissolved upon motion; but if the bill prays for the cancellation of the tax, and the removal of the cloud thereby created, and shows a case for equitable relief, it may be maintained for such purpose.

2. Where assessing officers, by *agreement* with the owners of a certain class of property, assess the same at *less* than its cash value, a tax-payer whose taxes are thereby increased is entitled to relief in equity, and to such a reduction of his taxes as will make his burden of taxation no greater than if said property had been assessed at its fair cash value.

3. A willful or intentional violation of the law, by the omission of property from assessment or its deliberate under-valuation, will not be treated in equity the same as an accidental omission or an honest mistake in judgment by the assessing officer.

Appeal from St. Clair. (Canfield, J.) Argued February 6, 1889. Decided April 12, 1889.

Bill to cancel taxes and to enjoin their collection. Complainant appeals from decree sustaining demurrer. Reversed, with leave to answer. The facts are stated in the opinion.

*Atkinson, Vance & Wolcott,* for complainant, contended:

1. In support of the claim that equity will grant relief against the intentional omission or under-valuation of property for assessment purposes, counsel cited *Weeks v. City of Milwaukee*, 10

Wis. 264; *Hersey v. Supervisors,* 16 Id. 185; *Lefferts v. Supervisors,* 21 Id. 688; *Iron Co. v. Town of Hubbard,* 29 Id. 52; *Railroad Co. v. Town of Canaan,* 16 Barb. 247; *Lemont v. Stone Co.,* 98 Ill. 102; *Bank v. Kimball,* 103 U. S. 735; *People v. Weaver,* 100 Id. 539; *Pelton v. Bank,* 101 Id. 143; *Cummings v. Bank,* Id. 157; *People v. Auditor General,* 7 Mich. 84; *Merrill v. Humphrey,* 24 Id. 173; *Woodman v. Auditor General,* 52 Id. 28.

*W. L. Jenks* and *P. H. Phillips,* for defendants, contended:

1. The great weight of authority is against the position taken by the Wisconsin court in the cases cited by complainant's counsel; citing *Adams v. Beman,* 10 Kan. 37; *People v. McCreary,* 34 Cal. 432; *Bank v. Hines,* 3 Ohio St. 1; *Dunham v. Chicago,* 55 Ill. 360; *Merritt v. Farris,* 22 Id. 303; *State v. Jersey City,* 24 N. J. L. 662; *State v. Randolph,* 25 Id 427; *Balfour v. Portland,* 28 Fed. Rep. 738; *Merrill v. Humphrey,* 24 Mich. 110.

2. Whether the tax was, void or merely excessive, the complainant had a perfect and adequate remedy at law by paying the tax under protest, and the fact that the proceedings making the tax illegal do not appear upon the face of the records does not affect the remedy, as in direct proceedings between the taxpayer and the public authorities fraud and illegality may be shown as well at law as in equity; citing *Blanchard v. Powers,* 42 Mich. 622; *White v. Millbrook,* 60 Id. 532; *Sawyer-Goodman Co. v. Crystal Falls,* 56 Id. 597; *Peninsular Iron Co. v. Crystal Falls,* 60 Id. 79, 510; *Comstock v. Grand Rapids,* 54 Id. 641; *Avery v. East Saginaw,* 44 Id. 587; *Land & Iron Co. v. Republic,* 65 Id. 628; *Phillips v. New Buffalo,* 64 Id. 683; *Fletcher v. Alcona,* 72 Id. 18; *Mills v. Richland,* Id. 100.

MORSE, J. The complainant filed his bill in the circuit court for the county of St. Clair, in chancery, to enjoin the collection of certain taxes assessed upon his real and personal property in the city of Port Huron. A preliminary injunction was allowed. Upon a motion to dissolve the same, an order was made that the complainant pay into court the full amount of his taxes, to abide a final decree in the premises, and to be applied in payment of the taxes should the bill be dismissed. The full amount of such taxes was paid into court. The defendants then

filed a general demurrer to the bill, and, on argument, the court below sustained the demurrer, and dismissed the bill, and directed the money so paid into court to be applied by the register in satisfaction of the tax. From this decree the complainant appeals.

The bill of complaint, in substance, charges:

"1. That the controller and the supervisors of the several wards of the city of Port Huron, at a meeting held for that purpose, before the assessment was made, in the spring and winter of 1887, entered into a corrupt and fraudulent agreement with Hebner, Runnels, Forbes, Sinclair, and others, owning vessel property in said city, subject to taxation, by which all vessel property owned in said city should be assessed at one-tenth the insurable value thereof, as shown by the underwriters' register for 1886; that such agreement was carried out on the part of the controller and supervisors, and such vessel property assessed at exactly one-tenth of its insurable value, as shown by such register.

"2. That the insurable value of such property, as shown by said register, is much less than its true cash value, and that fact was known to the controller and supervisors of the several wards when this fraudulent and corrupt agreement was made.

"3. That the controller and supervisors of the several wards, without viewing or examining this class of property, or taking any steps to ascertain its true cash value, assessed it at one-tenth of its insurable value as shown by said register, but assessed other property at its true cash value.

"4. That by such corrupt and fraudulent agreement over $450,000 worth of this class of property was assessed at $39,665, exactly one-tenth of its insurable value; that this was not the result of a mistake or misjudgment as to its value, but a willful and deliberate violation of the principles of taxation, made knowingly, and for the purpose of relieving vessel property from its just and proper proportion of the burden of taxation, and cast its proportion on other real and personal property in the city; that as a result over $400,000 worth of vessel property in the city escaped taxation, and the proportion it should have borne, if properly assessed, is cast on the other real and personal property of the city.

"5. That the assessment rolls are fair on their face, and these facts do not appear of record in the proceedings taken to levy, assess, and collect such taxes.

" 6. That he is wholly unable to ascertain or determine his just proportion of such taxes, and cannot tender the same, but offers by his bill to pay, if the same can be ascertained."

The bill prays for a preliminary injunction against the collection of the tax, or any part thereof, and that such injunction may be made permanent upon the hearing; also that such taxes may be decreed a cloud on the real estate of complainant set out in an exhibit attached to the bill, and that the court cancel the taxes assessed upon his real and personal property set forth in the same exhibit, and cancel and discharge the lien and cloud created thereby on his real estate; and that the complainant have such other further or different relief as is equitable and just in the view of the court.

It is claimed by the defendants that the preliminary injunction should not have issued, and, being issued in express violation of the statute, should have been unconditionally dissolved upon the motion for dissolution. Section 107, Act No. 153, Laws of 1885; *Eddy v. Township of Lee,* 73 Mich. 123 (40 N. W. Rep. 792). While this is true, it can have no effect upon the controversy now here. The payment of the amount of the taxes into court to abide the result of this suit indemnifies the city of Port Huron against the loss of the same in case the taxes are found to be valid, or any part thereof.

The question here to be determined is whether the complainant can maintain his bill in equity. The defendants have not appealed from any order or decree of the court below, and, if that court erred in dismissing complainant's bill, this Court, under the issue as presented to us, can only overrule the demurrer, and thus

reinstate the bill as before demurred to. If the court below was right in sustaining the demurrer, then the injunction does not now matter. As in the case of *Eddy v. Township of Lee*, this bill prays for other relief than by injunction, and, if it shows a case for equitable relief, can be maintained for the purpose of canceling the illegal taxes, and removing the cloud or lien created by them upon the real estate of complainant. *Eddy v. Township of Lee, supra.*

The bill shows that $400,000 of taxable property was practically exempted from taxation in violation of law, and by an agreement of the assessing officers with vessel owners in the city of Port Huron. This was not only a fraud upon the complainant, but upon every other tax-payer, vessel owners excepted, in the municipality. It would seem very clear that equity ought to take cognizance of this fraud, and redress it; and it is settled in this State, as well as elsewhere, that it will; that in a case like the present, where the assessing officers have purposely, in violation of law, exempted property from taxation, so that the burden of taxation rests unequally, those who are wronged by this action are entitled to remedy against such wrong. *Merrill v. Humphrey*, 24 Mich. 170, and cases cited. If the whole tax thus assessed against complainant is not void, he is certainly entitled to such a reduction of his taxes as will make the burden of taxation no more than it would have been had this $400,000 of vessel property been assessed, as it ought to have been, at its fair cash value. This is not a case where the assessing officers, in the exercise of their judgment, have made an honest mistake, but the undervaluation of this property was deliberate, and the result of an agreement with the vessel owners, which was fraudulent in law, if not in fact. As was well said by

Mr. Justice Paine, in *Weeks v. City of Milwaukee*, 10 Wis. 264:

"If those executing these [tax] laws, may deliberately disregard them, and assess the whole tax upon a part only of those who are liable to pay it, and have it still a legal tax, then the laws afford no protection, and the citizen is at the mercy of those officers, who, by being appointed to execute the laws, would seem to be thereby placed beyond legal control. I know of no considerations of public policy or necessity that can justify carrying the rule to that extent." See, also, *Iron Co. v. Hubbard*, 29 Wis. 52; *Lefferts v. Supervisors*, 21 Id. 688; *Hersey v. Supervisors*, 16 Id. 185; *Bank v. Kimball*, 103 U. S. 735; *People v. Weaver*, 100 Id. 539; *Pelton v. Bank*, 101 Id. 143; *Cummings v. Bank*, Id. 157.

We cannot agree with the authorities cited by defendants to sustain the proposition that a willful or intentional violation of the law, by the omission of property from assessment or its deliberate under-valuation, must be treated the same in equity, as regards the assessment and valuation of property for taxation, as an accidental omission or an honest mistake in judgment, because the result is the same in both cases. Fraud is ever open to remedy in a court of equity, and there can exist no good reason why relief against fraud in taxation, which in the end deprives a man of his property without due process of law, cannot be granted as well as against any other fraud. Cooley, Tax'n (2d ed.), 218, 219.

The decree of the court below sustaining the demurrer must be reversed, and the demurrer overruled, with costs of both courts. The defendants will be granted the usual time in which to answer.

SHERWOOD, C. J., and CHAMPLIN and CAMPBELL, JJ., concurred.