### RACHEL SOLOMON v. THE TOWNSHIP OF OSCODA.

*Taxes—Assessment roll—Intentional omission of taxable property—Special questions to jury.*

1. The *intentional* omission from the assessment roll of taxable personal property, the owners of which are known to the assessing officer, will entitle an individual tax-payer to relief from the excessive amount of his tax.

    So *held*, where by an agreement between the supervisor and

members of the board of review of a township, salt, lumber, and logs, valued at $800,000, and liable to assessment in said township, were not listed for taxation or assessment, and a tax-payer paid her taxes under protest, and brought suit for the recovery of the money; and a judgment in her favor is affirmed.

2  Only inquiry as to facts material to the issue should be submitted to the jury, and questions which merely inquire whether a witness testified to certain things are irrelevant.

3.  Where the illegalties in a tax assessment are such that it is impossible to ferret out the legal from the illegal taxes which the tax-payer should pay, the general rule, requiring him to show the excess of taxes over those which he would have been obliged to pay had he been legally and properly assessed, does not apply.

Error to Iosco.  (Simpson, J.)  Argued October 25, 1889.  Decided November 1, 1889.

*Assumpsit.*  Defendant brings error.  Affirmed.  The facts are stated in the opinion.

*McCutcheon & Elliott* (*Pierce & Philbrick,* of counsel), for appellant.

*Henry & Cornville,* for plaintiff.

CHAMPLIN, J.  This action was brought to recover certain moneys which the plaintiff had paid as taxes under protest, on the ground that they were illegally assessed.

The plaintiff was the owner of a stock of merchandise in the township of Oscoda, Iosco county, Michigan, and was by the supervisor assessed at a valuation of $1,500. This amount the board of review increased to $2,500. The State, county, town, highway, school, and one-mill tax extended against her property amounted to $114.65.

The supervisor and other members of the board of review were sworn in the cause, and from their testimony it appears that they had agreed between themselves th.t

salt, lumber, and logs should not be listed for taxation
or assessed in that township, and it was shown by the
testimony of one of their number that the value of salt,
lumber, and saw-logs within that township, and liable to
be assessed, but which was not, was at least $800,000. It
appears that the omission to assess this large amount of
personal property was not through accident, ignorance,
or inadvertence, but was intentional, and was agreed upon
by the board of review.

While no attempt is made to contradict this fact, the
counsel for defendant insists that no recovery can be had,
because the plaintiff did not show the actual value of her
property, and the true sum at which it should have been
assessed. He urges that, if plaintiff was not assessed
more in proportion to others on the roll than she should
be, she is not harmed by placing the assessable value of
her goods at $2,500. These objections might be of value
if the only ground of complaint was an excessive valua-
tion, but they can have no weight where a very large
amount of assessable property has been purposely omitted
from the assessment roll; for, if the value of the property
assessed to her was in due proportion to all others upon
the assessment roll, still it must necessarily have been
more than its just proportion of the public burden,
where so large a portion of taxable property has been
purposely omitted from the assessment roll.

No reason can be adduced to support the legality of an
assessment, where so palpable fraud has been committed
by the assessing officers of the township. Not only did
these officers omit this large amount of personal property,
but the supervisor testified that he intended to assess the
property upon his roll at one-fourth of its cash value.
In short, it seems that these officers had not the least
regard for the law or the sanctity of their oaths. The
respective owners of the personal property omitted were

known to the assessing officers, and, as no reason is given for the omission, it must have been done through favoritism to the owners. It was held in *Merrill v. Auditor General*, 24 Mich. 174, that any intentional favoritism, even though from motives of public interest, without express authority of law, will render void the tax proceedings. In *Walsh v. King*, 74 Mich. 350 (41 N. W. Rep. 1080), it was alleged that $400,000 worth of personal property had been purposely omitted from the assessment roll by a fraudulent undervaluation, and we held that an individual tax-payer was entitled to be relieved from the excessive amount of his tax. In this case the jury have found the fact that the board of review knowingly and purposely assessed and fixed the assessed value of the plaintiff's personal property higher and out of proportion to Pack, Woods & Co.'s personal property and other personal property, and rendered a verdict for the plaintiff for $47.37.

It was error to submit the fourth question to the jury, viz.:

"4. Did not Selig Solomon testify that he would rather others should testify to the value of plaintiff's personal property in Oscoda in 1887; that it was 65 per cent. higher than it should have been, to be in proportion to some other personal property assessed in said township?"

It is only inquiry as to facts material to the issue that should be submitted to the jury, and questions which merely inquire of the jury whether a witness testified to certain things are irrelevant. But we cannot see that this error prejudiced the defendant, as it does not appear that the jury acted upon such testimony. On the contrary, it does appear, from the amount found which the plaintiff recovered, that they did not allow her 65 per cent. of the taxes assessed to and paid by her.

It is urged by defendant that the plaintiff should, but

did not, show the excess of taxes over which she would have been obliged to pay had she been legally and properly assessed. Such, undoubtedly, is the general rule, but where the illegalities are such that it is impossible to ferret out the legal from the illegal taxes which the tax-payer should pay the rule does not apply. My brethren are of opinion that this case comes within the exception to the rule, and that the judgment should be affirmed.

Let judgment of affirmance be entered accordingly.

MORSE, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.