THE AUDITOR GENERAL V. WILLIAM McARTHUR AND
ARCHIBALD McARTHUR, WILSON H. TOUSEY
AND JOSEPH TURNER, AND JAMES
T. HURST.

[Three cases.]

| 87 | 457 |
|----|-----|
| 101 | 258 |

| 87 | 457 |
|----|-----|
| 116 | 499 |
| 116 | 595 |

| 87 | 457 |
|----|-----|
| s49NW | 592 |
| 129 | ³184 |
| 129 | ³186 |

*Taxes—Validity—Burden of proof—Certification to board of supervisors—Record of township board.*

1. Where a tax is directed to be raised by the board of supervisors under section 24 of the tax law of 1885, which is not certified to the board by the township clerk pursuant to the provisions of said act, the burden is upon the tax-payer to show that such tax was not originally authorized to be raised by competent authority; citing *Robbins v. Barron*, 33 Mich. 124; *Upton v. Kennedy*, 36 Id. 215; *Boyce v. Sebring*, 66 Id. 218.

2. The record of the proceedings of a township board at a special meeting showed that only one justice was present, and failed to show that notice was given to the other justice. It appeared that $1,000 was voted to be raised for township expenses, $1,000 as a special tax for bridge purposes, and $1,000 to pay indebtedness, but the record failed to show the neglect or refusal of the electors to vote taxes for such purposes. And it is held that the taxes are invalid under the decisions in *Beaver Creek v. Hastings*, 52 Mich. 528; *Harding v. Bader*, 75 Id. 316; *Gamble v. Auditor General*, 78 Id. 302; *Manufacturing Co. v. Echtinaw*, 81 Id. 416.

3. The exemption of four surveyed townships in a school-district from a general school tax levied upon the remaining territory is fatal to the validity of the tax levy, the law under which the district was organized requiring that all taxes should be spread upon all of the taxable property of the district.

Appeal from Presque Isle. (Kelley, J.) Argued June 19, 1891. Decided July 28, 1891.

Petition for sale of lands delinquent for taxes under Act No. 195, Laws of 1889. Defendants appeal. Decree

modified and affirmed.    The facts are stated in the opinion.

*Philip A. Ingalsby*, for petitioner.

*Markey & Hall*, for appellants.

CHAMPLIN, C. J.    These three cases are heard as one case.

The defendants are owners of land situated in the townships of Allis, Case, Rogers, Belknap, and Metz, in the county of Presque Isle, assessed for the taxes of the year 1888.    These taxes were not paid, and the lands were returned as delinquent therefor; and, in answer to the petition of the Auditor General for the sale, filed in the circuit court for said county, defendants appeared, and filed written objections to the validity of the taxes.    On the 4th day of April defendants paid to the county treasurer of said county all taxes decreed valid, and appealed to this Court.

The only questions involved are as to the legality of the following taxes, amounting to $1,169.58:    Contingent and highway taxes in all of the townships; school taxes in Case, Allis, Belknap, and Metz townships; Union School tax in Rogers township; and poor tax in Belknap township.    The defendants insist that the supervisors of the several townships had no authority under the law to spread any of the various taxes on these rolls.

The township clerks of the various townships, under section 23, Act No. 153, Laws of 1885, on or before the first day of October in each year, are required to deliver to the supervisor of each township a certified copy of all statements and certificates on file, and of all records of any vote or resolution, in his office, authorizing or directing moneys to be raised in his township for township, school, highway, and all other purposes, together with a

statement of the aggregate amount thereof, and the supervisors are to lay these copies before the board of supervisors at the October session. The board of supervisors is required by section 24 of the same act then to examine all these certificates, statements, papers, and records so submitted to them, and, if it shall appear that any of these certificates, papers, statements, and records is not properly certified, or that the same is in any wise defective, or that any proceedings to authorize the raising of any such money has not been had, or is in any wise imperfect, and such certificate, statement, paper, record, or proceeding can then be corrected, supplied, or had, the board may authorize it to be done. The prosecuting attorney is required to give a written opinion to the board as to those certificates, proceedings, etc., being sufficiently regular to warrant and justify the raising of the taxes contained therein. The board shall direct that such of the several amounts of money proposed to be raised for the purposes named, as shall be authorized by law, be spread on the assessment roll of the proper township.

This was all done in the county in question, and, at the October session of the board in the year 1888, the certificates from the various township clerks were laid before it, as follows:

"EXHIBIT A.

"OFFICE OF THE TOWNSHIP CLERK,
"Allis Township, October, 1888.
"*To the Supervisor of the Township of Allis, County of Presque Isle, State of Michigan:*

"I hereby certify that the annexed are true copies of all statements and certificates on file and of record of votes and resolutions in my office, authorizing and directing moneys to be raised in the township of Allis by taxation for township, school, highway, drain, and all other purposes, and that the aggregate amount of said money is as follows:

[Signed]　　　　　　　"JAMES SANDISON,
　　　　　　　　　　　　　"Town–Clerk.

"Township tax, one-half of one per cent.; highway tax, one per cent., one-half labor and one-half cash; school-district No. 1, $347; No. 2, $260; No. 3, $270; No. 4, $300; No. 5, $404."

### "Exhibit B.

"Office of the Township Clerk, }
"Metz Township, October 8, 1888. }

*" To the Supervisor of the Township of Metz, County of Presque Isle, Michigan :*

"I hereby certify that the annexed are true copies of all statements and certificates on file, and of all other record of votes and resolutions, in my office, authorizing or directing money to be raised in the township of Metz by taxation for township, school, highway, drain, and all other purposes, and the aggregate amount of said money is as follows:

"Watson D. Centale,
"Township Clerk.

"Town tax, $1,000; special, one-half of one per cent.; town tax for indebtedness, $890.94; school-district No. 1, 5 mills, being $57.56; No 2, 15 mills, being $135.69."

### "Exhibit C.

"I do hereby certify that the following is a true and correct copy of all statements on file or of record in my office to be raised therein by taxation for all purposes, and that the aggregate amount thereof is the sum of ———— dollars: Contingent fund, $600; highway fund, $519.63; special highway, $311.73; school-district No. 1,* $275; school-district No. 2, $270; school-district No. 3, $283.10; No. 4, $400; No. 5, $375.

"In testimony whereof I have hereunto set my hand this ——— day of September, 1888.

"Louis Godin,
"Town-Clerk, Case Township."

### "Exhibit D.

*" To the Supervisor of the Township of Belknap:*

"I do hereby certify that the following is a true and correct copy of all statements on file or of record in my office of moneys proposed to be raised therein by taxation for all purposes, and that the aggregate amount thereof is hereunder:

"By highway tax, one per cent.; by town highway tax, 5 mills; for town poor purposes, two and one-half mill; for school purposes, district No. 1, 8 mills; No. 2, 10 mills; No. 3, 12 mills; No. 4, 15 mills; No. 5, 15 mills.

"In testimony whereof I have hereunto set my hand and seal this 6th day of October, 1888.

"CHRISTIAN BREGE,
"Township Clerk."

No other evidence was laid before the board showing the authority to order the levy and assessment of said taxes, and no proofs relating thereto or in support thereof were submitted on the hearing of the cause other than that contained in said certificates, except as to the taxes of the township of Rogers.

The assessment roll is by the statute made *prima facie* evidence of the legality of the taxes contained in it. The counsel for defendant insist that, under section 89, the burden is thrown upon the petitioner, viz., the Auditor General, to establish in some form the legality of a tax not authorized or warranted by the certificates, statements, records, and papers filed with the board of supervisors; that the only evidence justifying the contingent and highway taxes in all of said townships, the school tax in Case, Allis, Belknap, and Metz, and the poor tax in Belknap, is contained in Exhibits A, B, C, and D, and that these contain no showing sufficient to warrant the board of supervisors in ordering a levy, or the individual supervisors in assessing any of such taxes; that these exhibits do not show whether the electors voted such taxes at the annual township meetings or at a special meeting, or whether they voted them at all; that they may have been voted by the township board, but that no evidence is contained therein which would guide the board in determining whether all the members of the township board were present, or but a part of

them, or whether it was a regular or a special meeting thereof; that, for all that appears therein, these taxes, if ever directed by any one, may have been by private individuals not vested by law with the authority to impose a burden upon their neighbors' property and their own, and denominate it a "tax;" that the presumption of the legality of the taxes being overcome by introducing the certificates, and showing their insufficiency, they must fall, as no proof is offered by the Auditor General giving jurisdiction to impose them; that he must assume the burden which the law throws upon him; that every essential proceeding in the levy of taxes must appear of record; citing *Moser v. White*, 29 Mich. 59; *Sinclair v. Learned*, 51 Id. 335; *Case v. Dean*, 16 Id. 12; *Peninsular Iron Co. v. Township of Crystal Falls*, 60 Id. 510; *Sage v. Auditor General*, 72 Id. 638; *Gamble v. Auditor General*, 78 Id. 302.

We think it clear that the board of supervisors cannot certify the taxes to be raised in any township without the certificate of the township clerk, but, if the supervisor levies a tax not appearing in the certificate to the supervisors, it must be shown that such tax was not voted by the proper authorities, or, in other words, that the tax was unauthorized. If it was authorized by competent authority in the first instance, the want of a certificate by the township clerk to the board of supervisors will not invalidate a tax duly directed to be raised by the board, as required by section 24, Act No. 153, Laws of 1885. The certificates are *prima facie* sufficient, and, if irregular, we do not think the statute intended to shift the burden of proof to the township to show that such taxes were voted by competent authority, but the person against whom the tax is assessed has the burden of showing that no such tax or item as stated in the certificate was authorized. It does not appear upon the face of

these certificates that the tax therein contained was for an illegal purpose, or for an illegal sum, and the board of supervisors was justified in regarding them as a sufficient statement, without requiring the clerk to certify when and by whom the taxes were voted. We held in *Robbins v. Barron*, 33 Mich. 124, that a tax which was authorized to be spread upon the roll by law, if so spread by the supervisor, was not illegal, although the same had not been certified to the board of supervisors, and by them directed to be levied. This was approved in *Upton v. Kennedy*, 36 Mich. 215, and reaffirmed in *Boyce v. Sebring*, 66 Mich. 218. It is true that the act of 1885 amplifies the law as it existed when *Robbins v. Barron* was decided, but the purpose is the same. The object of the statute is to guard, as far as possible, against the imposition of illegal taxes, and the consequent embarrassment to the collection of the taxes levied; but it does not prevent the levying of legal taxes, and the spreading thereof upon the rolls. The assessment roll is *prima facie* evidence of the legality of the taxes contained in it, thus casting upon those who contest its validity the burden of showing wherein such tax is illegal. The decree of the circuit court is correct, so far as the taxes referred to in the certificates are concerned.

The township tax of the township of Rogers, the special tax for bridge purposes, and the special tax to defray indebtedness, each for $1,000, stand upon a different footing. The proceedings of the township board of the last named township, as contained in the record kept by the clerk, were offered in evidence by defendants, and are as follows:

"Meeting of the township board held at the township clerk's office, the first day of October, 1888.

"Paul Bittner, supervisor; William E. Rice, township clerk; and Justice James B. Watson.

"Meeting called to order by the chairman, and the board proceeded to settle with the township treasurer for the year 1888, with satisfactory results. Minutes of last meeting read and approved.

"Motion made and carried that the township of Rogers raise $1,000 for the year 1888, to defray township expenses, to be assessed on the tax roll of 1888. Motion made and carried that the township of Rogers raise $1,000 special tax for bridge purposes, to be assessed on the supervisor's roll for 1888. Motion made and carried that the township raise $1,000 special tax to defray indebtedness, to be assessed on the tax roll of 1888."

These taxes are illegal under our previous decisions. *Township of Beaver Creek v. Hastings*, 52 Mich. 528; *Harding v. Bader*, 75 Id. 316; *Gamble v. Auditor General*, 78 Id. 302; *Newaygo Co. Manfg. Co. v. Echtinaw*, 81 Id. 416.

The Union School tax of the township of Rogers is the only one not disposed of, and, as to this, it was void, for the reason that it was spread over but part of the territory comprised within the limits of the district. This district was organized by Act No. 408 of the Local Acts of 1871, and amended by Act No. 387 of the Local Acts of 1885. Section 1 of the amended act reads as follows:

"That township thirty-four north, of ranges four, five, and six east, and township thirty-five north, of ranges four and five east, and township thirty-six north, of ranges two, three, four, and five east, and township thirty-seven north, of range two east, which are now embraced in the limits of what is known as the 'Township of Rogers,' in the county of Presque Isle, constitute one school-district, which shall be a body corporate by the name and style of the "Union School-district of the township of Rogers," and by that name may sue and be sued, and shall be subject to all the general laws of this State relative to corporations, so far as the same may be applicable," etc.

The records of the proceedings of the board of trus-

tees of the Union. School-district were offered in evidence, at a meeting held on the 28th day of July, 1888, which read as follows:

"Meeting called to order by the president, and a full board found to be present. The following resolution was adopted:

"*Resolved,* that this board think it advisable and do hereby advise the annual school meeting to raise one per cent. of the assessed valuation of said district for school purposes, and one-half of the same to be spread for teachers' wages, and one-half of one per cent. for repairing."

The record of the annual meeting of the school electors of said district on August 6, 1888, was offered in evidence, and reads as follows:

"A motion was made by D. E. Gunn, and was duly seconded, that the district raise $500 for the purpose of building a suitable addition to the Rogers City school-house. Motion was carried by a clear vote. Motion made and carried that the district raise one per cent. of the assessed valuation for school purposes, one-half of said one per cent. to be a special tax for teachers' wages."

This tax was not assessed upon all the property in the Union School-district, none of said tax being spread upon any of the following territory within said district: Townships 35 N., range 4 E.; 34 N., range 4 E.; 34 N., range 6 E.; and 35 N., range 5 E. The law organizing the Union School-district requires all taxes to be spread upon all the taxable property in the district, and why such a large portion was omitted, including the township in which Rogers City is located, is not shown by this record. The whole act organizing this school-district is a remarkable specimen of legislation, to say the least, and the attempt of the supervisors to lay these taxes upon the least improved part of the district is more remarkable. The imposition of a tax which omits from the roll four

surveyed townships in one school-district cannot be upheld.

The decree of the court below must be modified in accordance with this opinion, and, as modified, affirmed. The defendants having only partially succeeded on this appeal, no costs will be awarded to either party.

The other Justices concurred.