THE AUDITOR GENERAL v. CHARLES H. PRESCOTT ET AL.

*Taxes—Intentional omission of property from roll.*

The intentional omission from the tax roll of a township of $800,-000 worth of personal property taxable therein, and the assessment of the real estate of the township at one-fourth of its cash value, will invalidate the State and county taxes levied upon the lands of a tax-payer in other townships in the same county, which were assessed at their cash value; citing *Walsh v. King*, 74 Mich. 350; *Solomon v. Township of Oscoda*, 77 Id. 365; *Auditor General v. Jenkinson*, 90 Id. 523.

Appeal from Iosco. (Simpson, J.) · Submitted on briefs November 17, 1892. Decided December 22, 1892.

Petition for the sale of lands delinquent for taxes under Act No. 195, Laws of 1889. Defendants appeal. Decree reversed. The facts are stated in the opinion.

*N. C. Hartingh,* for appellants.

*M. J. Connine,* Prosecuting Attorney, for petitioner.

MONTGOMERY, J. This is an appeal from a decree made against the lands of the defendants, on the petition of the Auditor General for a sale of lands in Iosco county, for taxes levied in the year 1889 on lands owned by the defendants in that county.

The lands of the defendants are situated in the townships of Sherman, Alabaster, Reno, Grant, Tawas, and Thompson. The evidence in the case shows that there was purposely omitted from the tax roll of the township of Oscoda about $800,000 worth of personal property, lumber, logs, and salt, which property was taxable in that township, and also that the real estate of the last-named township was assessed at one-fourth of its cash value. It

.appears by the concession of the prosecuting attorney, representing the petitioner, that the lands of the defendants were assessed at their full cash value. The objections were to the county and State taxes only, the township taxes not being in controversy.

There was a very plain, clear, and willful violation of the law by the assessing officers, and in a manner affecting prejudicially the interests of the defendants; and there is no sufficient *data* upon which the equitable amount due from the defendants for taxes can be ascertained. The questions involved have been fully considered and decided in the cases of *Walsh v. King*, 74 Mich. 350; *Auditor General v. Jenkinson*, 90 Id. 523; and *Solomon v. Township of Oscoda*, 77 Id. 365.

The decree of the court below will be reversed, and the State and county taxes, amounting to $449.30, and the collection charges of $1 on each description, amounting to $168, will be held not a proper charge against the descriptions of land owned by defendants. The defendants are also entitled to recover their costs of this Court.

The other Justices concurred.